The JOHN AKRIDGE COMPANY,
Plaintiff,

v.

The TRAVELERS COMPANIES,
Defendant.

Civ. A. No. 92–2880.

United States District Court,
District of Columbia.

Nov. 4, 1993.

Mark Edward Futrovsky, Futrovsky & Associates, Richard Glenn Solomon, Bethesda, MD, for plaintiff.

Marianne Patricia Eby, Francis Joseph Nealon, James Dennis Peterson, Ballard, Spahr, Andrews & Ingersoll, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Before the Court are defendant Travelers Companies' ("Travelers") motion for summary judgment, renewed motion for summary judgment and plaintiff John Akridge Company's ("JAC") cross-motion for sum-

mary judgment. Also pending before the Court is Travelers motion based on the failure of plaintiff's counsel to timely respond to defendant's motions or comply with this Court's discovery orders.

*The Facts*

This is an action for a declaratory judgment and other injunctive relief. This Court has jurisdiction under 28 U.S.C. § 1332 because of complete diversity of citizenship between the parties and the matter in controversy is in excess of $50,000.

Plaintiff JAC is a corporation with its principal place of business located in Washington, D.C. Defendant Travelers is an insurance company with its principal place of business in Hartford, Connecticut. This action stems from alleged collapse losses suffered by plaintiff JAC to five parking garage properties located in the District of Columbia. The date of loss claimed for all five buildings is June 7, 1990. The smallest loss claimed is for more than $250,000 and the largest loss is for more than $600,000. The total loss claimed by JAC for all five buildings is $2,077,073.44.

JAC maintains that the properties were covered by an insurance policy issued by Travelers to JAC for the period February 24, 1990 to February 24, 1991. The policy was issued in Virginia and was delivered to Corroon and Black, JAC's agent in Bethesda, Maryland. The single policy insured properties located in Virginia, Maryland, and the District of Columbia. The policy covered, *inter alia,* "loss or damage caused by or resulting from risks of direct physical loss involving collapse of a building or any part of a building".

Pursuant to the policy, JAC filed proof of loss notices with Travelers for two of the D.C. properties on February 1, 1991. Proof of loss notices for the other three D.C. properties were filed on March 22, 1991. In response to the claims, Travelers on August 31, 1990 sent investigators from Forensic Technologies International ("FTI") to examine two of the five D.C. properties. The report issued by the investigators found the buildings structurally sound but noted distress attributed to accumulated wear and tear from the effects of road salt and deferred maintenance. In a letter dated July 25, 1991 Travelers denied the claim and referred to the tests conducted by FTI as a basis for its decision.

In its complaint, JAC asks for a declaratory judgment that the Travelers insurance policy covers collapse for parts of insured buildings, requests that the Court order an appraisal, and asks that the Court retain jurisdiction in order to review and or confirm appraisal rewards on each property.

Travelers' defenses include, *inter alia,* that the lawsuit is time-barred by a "contractually mandated limitations period", that the complaint is barred by waiver, estoppel, and/or laches, that the alleged loss is not covered under the applicable policy issued by Travelers, and that plaintiff JAC failed to mitigate its damages.

The issue before the Court in the instant motion for summary judgment is whether the suit is time-barred by the applicable statutory or contractual provisions.

*The Suit Provisions of the Contract*

The insurance policy provides in relevant part:

D. LEGAL ACTION AGAINST US

No one may bring a legal action against us under this coverage part unless

\*    \*    \*    \*    \*

2. The action is brought within two years after the date on which the direct physical loss or damage occurred.

The losses are alleged to have occurred on June 7, 1990. This suit was filed on December 28, 1992. On this basis, Travelers argues that the instant lawsuit is barred by the plain language of the policy.

By contrast, JAC points to an endorsement attached to the policy which is entitled "Maryland Changes" and announces at the top, "This endorsement changes the policy. Please read it carefully." The endorsement states in relevant part:

C. The LEGAL ACTION AGAINST US Condition is replaced by the following:

LEGAL ACTION AGAINST US

No one may bring legal action against us under this Coverage Part unless:

\* \* \* \* \*

2. The action is brought within 3 years after the date on which the direct physical loss or damage occurred.

Travelers maintains that the title of this endorsement—"Maryland Changes"—makes it clear that this modification to the policy was intended to apply only to properties located in Maryland. JAC contends that while the title of the endorsement indicates that it was created because of changes in Maryland state law, neither the title nor the language of the endorsement in any way limits its application to Maryland properties. Hence, JAC argues, the endorsement changed the suit limitations period to three years for *all* properties covered by the policy, not just the Maryland properties, and the instant lawsuit cannot be time-barred.

*Analysis and Decision*

■ This Court interprets the suit limitations provision of the contract and the attached endorsement to mean that the instant lawsuit is not time-barred. The plain language of the endorsement changes the suit limitation provision of the policy. Although the endorsement is titled "Maryland Changes" and neither party disputes that the endorsement was created to conform the policy to the Maryland statute of limitations with regard to contract claims, no language in the endorsement limits its application to insured property located in Maryland.

Moreover, as plaintiff points out, had Travelers wished to limit its endorsement to insured property located in Maryland, it was more than capable of doing so. By example, JAC has submitted an endorsement modifying business automobile coverage policies written by Travelers. The endorsement is titled "District of Columbia Changes" and reads in part,

"For a covered 'auto' licensed or principally garaged in, or 'garage operations' conducted in, the District of Columbia, the coverage form is changed as follows:".

The auto policy endorsement states clearly that it is to apply only to automobiles or garages located in the District. By contrast, the "Maryland Changes" endorsement at issue in this case modifies an insurance policy covering buildings located in three jurisdictions, yet it does not explain that the changes are to be limited to properties located in the state of Maryland.

■ It is axiomatic that a contract will be construed against its drafter:

Since one who speaks or writes, can by exactness of expression more easily prevent mistakes in meaning, than one with whom he is dealing, doubts arising from the ambiguity of language are resolved in favor of the latter, and as he will ordinarily be the promisee of the promise in question, it is sometimes stated that the contract if ambiguous will be interpreted in favor of the promisee.

4 *Williston on Contracts,* § 621 at 760–761 (3rd ed.). *See also, Meade v. Prudential Ins. Co. of America,* 477 A.2d 726, 728 (D.C.App. 1984) (ambiguous language construed against insurer); *Potomac Elec. Power v. California Union Ins. Co.,* 777 F.Supp. 980, 988 (D.D.C. 1991) ("The [policy] provision is ambiguous, and therefore must be interpreted in a manner most favorable to the insured."). This Court finds that the suit limitations provisions of the insurance policy was modified by the "Maryland Changes" endorsement to create a three-year limit on suits under the policy. The instant lawsuit is not time-barred.

*Travelers' Motion to Dismiss*

■ Also pending before the Court is defendant Travelers' motion to dismiss. This motion is predicated on the fact the Plaintiff's counsel failed to respond to numerous motions by defense counsel and ignored this Court's scheduling orders. Plaintiff's counsel has indicated that he suffered two serious injuries during the six month period since this Court's initial hearing on defendant's motion for summary judgment. While certain alternative measures could have been taken by plaintiff's counsel, the Court is willing to give him the benefit of the doubt with the understanding that no further delays will occur.

Because this Court firmly believes that the sins of the attorney should not be visited upon the client, Travelers' motion to dismiss will be denied. "[O]ur system favors disposition of cases on the merits". *Shea v. Donohoe Construction Co.*, 795 F.2d 1071, 1077 (D.C.Cir.1986); *see also Jackson v. Beech*, 636 F.2d 831, 837 (D.C.Cir.1980) ("Default judgments were not designed as a means of disciplining the bar at the expense of the litigants' day in court."). Dismissal for counsel's misconduct is justified only in cases involving prejudice to the defendant or to the judicial system, or where dismissal would serve the interest of deterrence and punishment. *Shea*, 795 F.2d at 1074–79. While to date the delay involved here has not reached a point that would justify dismissal, future conduct of this sort will not be tolerated.

### ORDER

Upon consideration of Defendant's Motion for Summary Judgment, Defendant's Renewed Motion for Summary Judgment, Plaintiff's Cross-motion for Summary Judgement, and oral argument by the parties, it is hereby,

ORDERED that Defendant's Motion for Summary Judgment be denied,

ORDERED that Plaintiff's Cross–Motion for Summary Judgment on the issue of whether the instant action is time-barred be granted, and it is further,

ORDERED that Defendant's Motion to Dismiss be denied.